UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
                                                :    CASE NO. 1:07-cv-1264
JOSEPH JOHNSTON,                                :
                                                :
        Plaintiff,                       :
                                                :
vs.                                             :    ORDER AND OPINION
                                                :    [*sua sponte*]
PANTHER II TRANSPORATION d/b/a                  :
Panther Expedited Services, Inc.                :
                                                :
        Defendant.                       :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 3, 2007, Plaintiff Joseph Johnston sued Defendant Panther II Transportation, Inc. claiming Defendant fired Plaintiff based upon illegal considerations of Plaintiff's age. Plaintiff Johnston made claim only under Ohio state law. [Doc. 1, Ex. A] The complaint alleged no federal claims. On, April 30, 2007, Defendant Panther, an Ohio Corporation, removed this action to federal court. With its removal motion, the Defendant alleged jurisdiction based upon diversity. Plaintiff lives in Michigan and the complaint alleges damages that satisfy the amount in controversy. [Doc. 1]. Plaintiff failed to file a motion for remand.

On August 27, 2007, this Court held a Case Management Conference, where the Court asked the parties to brief the jurisdictional issue. The Court noted the removal did not meet the requirements of U.S.C. § 1441(b), specifically, the rule forbidding home-state defendants from removing a state-filed case on diversity grounds. On August 29, 2007, both parties filed briefs on the issue. [Docs. 15, 16, 17].

For the reasons discussed below, the Court now **REMANDS** the case to state court.

Case No. 1:07-cv-1264
Gwin, J.

## LEGAL STANDARD

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Two types of original jurisdiction exist--diversity and federal question. Diversity jurisdiction arises when the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court of competent jurisdiction determines a case lacks diversity or federal question jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). Moreover, if a party improperly removes a case to federal court pursuant to 28 U.S.C. §1441, the court must remand the case back to the state court from which it had been removed. 28 U.S.C. §1447(d). Remand may be initiated *sua sponte* or upon motion of a party. *Wood v. Home Ins. Co.*, 305 F. Supp. 937, 938 (C.D. Cal. 1969). Because federal courts are courts of limited jurisdiction, the removing party has the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35 (1921).

Removal jurisdiction raises significant federalism concerns. S*ee Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3233 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841 (1983). Therefore, federal courts must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 872 (1941). Accordingly, if a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990).

Case No. 1:07-cv-1264
Gwin, J.

## DISCUSSION

Defendants removed to federal court on diversity grounds despite being citizens of the state of Ohio, the state in which plaintiffs filed their state court complaint.  This violated 28 U.S.C. § 1447(b) which states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Defendants now argue that this home-state defendant rule is not jurisdictional, and the improper removal does not divest this Court of diversity.  Rather, Defendants argue it is a procedural rule and, because Plaintiffs failed to file a remand action within 30 days, jurisdiction is proper within this Court.

The only Sixth Circuit case Defendants cite is from 1924, where the Sixth Circuit held an improper removal by an in-state defendant was not "vital to the jurisdiction to hear the case" after the case had gone to trial.  *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924)  It was not vital "in the sense that the court has no discretion but to remand it, in spite of original jurisdiction to hear it and long-continued acquiescence by the parties, as well as the court's trial and decision thereunder." *Id.*  This rule seems to be an application of the rule the Supreme Court later announced in *Grubbs v. General Electric Credit Corp.* 405 U.S. 699 (1972). The *Grubbs* rule states that as long as a district court had proper diversity jurisdiction when it entered judgment, an improper removal is not a jurisdictional bar such that it may not be raised for the first time on appeal. *Grubbs v. General Electric Credit Corp.*

Case No. 1:07-cv-1264
Gwin, J.

The Sixth Circuit extended *Grubbs* to a case where the district court had ruled on summary judgment and had invested substantial time in the case. *See Thompson v. Karr*, 1999 U.S. App. LEXIS 16846 (6th Cir. July 15, 1999). The improper removal, in *Karr* was the same as the case at bar: a resident defendant removed from state court on diversity grounds. *Id.* The Sixth Circuit considered the issue jurisdictional and brought up the question *sua sponte*. *Id.* at *12. The *Karr* court did not question whether the improper removal was procedural or waived, rather it focused the entirety of the case on whether it could apply the *Grubbs* exception. It applied the exception "in view of the extensive discovery already completed in this case, as well as the time invested in the district court's opinion and our own preparation" and in "the interests of judicial economy." *Id.* at *15-16.

The *Grubbs* exception, however, does not apply to every summary judgment. The Sixth Circuit refused to extend *Grubbs* to cases where the court has ruled on summary judgment but not expended many judicial resources. *Federal Nat'l Mortg. Asso. v. Le Crone*, 868 F.2d 190, 194 (6th Cir. 1989).

The Court decides whether the case at bar is more like *Le Crone*, such that the Court must look at its jurisdiction based on the removal petition, or whether it is more like *Karr*, and the Court considers only whether it would have original jurisdiction over the action. One consideration in these two cases was that the *Le Crone* plaintiffs had filed a motion for remand while the *Karr* plaintiffs had never raised the issue. The reasoning in *Karr*, however, centered on the use of judicial resources. *See Karr*, 1999 U.S. App. LEXIS 16846 at *15-16. *Karr* did not consider any issue of waiver, and indeed jurisdiction cannot be created by waiver. *See City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.,* 484 F.3d at 388 n.4 (6th Cir. 2007)("As a preliminary matter,

-4-

Case No. 1:07-cv-1264
Gwin, J.

RUS argues that this court cannot entertain the issue of removal jurisdiction because Cookeville failed to raise this issue in its notice of appeal. This contention lacks merit. Federal subject matter jurisdiction can of course be challenged at any stage of the litigation, and jurisdiction cannot be created by waiver.") (citations omitted).

With this case, the Court has not expended significant judicial resources. It has held one case management conference and has entertained no motions. Rather, it has only considered the jurisdictional issue. While neither party has filed a motion for remand, the Court finds this not dispositive. The Court in *Karr* did not determine whether plaintiffs had "waived" an objection to removal, but considered the issue jurisdictional, and raised it *sua sponte*. *See id* at \*12; *see also City of Cookeville*, 484 F.3d at 388 n.4. While the court in *Karr* ultimately found its jurisdiction saved by the *Grubbs* exception, the court did not consider the improper removal to be procedural. Instead, it focused on the judicial resources question. For these reasons, the Court finds that Defendant's argument that the in-state defendant rule is "procedural" does not comport with the cases within this Circuit.

Removal jurisdiction raises significant federalism concerns and this Court strictly construes its removal jurisdiction. Thus, this Court finds it appropriate to remand the instant case to state court.

### CONCLUSION

For the reasons stated above, the Court REMANDS the case to state court.

IT IS SO ORDERED.

Dated: September 6, 2007          s/ *James S. Gwin*

-5-

Case No. 1:07-cv-1264
Gwin, J.

                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE